UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **VERNON CALLIER** | **CIVIL ACTION NO. 3:11-cv-2144** |
|     LA. DOC #373466 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Vernon Callier filed the instant petition for writ *of habeas corpus* pursuant to 28 U.S.C. §2254 on December 12, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary. Petitioner attacks his 2004 armed robbery convictions, his subsequent adjudication as an habitual offender, and the 70 year sentences imposed by the Sixth Judicial District Court, Madison Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rules of Civil Procedure Rule 41.

*Background*

Petitioner filed his petition on December 13, 2011. [Doc. 1] Since he failed to submit the filing fee or an application to proceed *in forma pauperis*, he was ordered to cure that deficiency. [Docs. 2, 4] On January 25, 2012, he submitted a properly executed application [Doc. 5], and, on January 26, 2012, he was allowed to proceed *in forma pauperis*. On March 9, 2012, the undersigned completed an initial review of the pleadings and exhibits and directed petitioner to

amend his petition within 40 days, or before April 18, 2012, and to provide additional evidence to establish that the petition was timely, that state court remedies were exhausted, and that any procedurally defaulted claims were nevertheless subject to *habeas* review. [Doc. 7] Petitioner did not respond to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner's failure to abide by an order of the court warrants dismissal of the complaint.[1] Therefore,

---

[1] The undersigned further finds that to the extent that 28 U.S.C. §2244(d) may bar petitioner from re-filing the instant petition, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, petitioner has apparently ignored a specific court order directing him to amend his complaint; he has not responded to that order nor has he requested additional time to respond. Indeed, the evidence suggests that he no longer wishes to pursue this matter since he

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, June 6, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago.

**Finally, this is a recommendation. Petitioner may object to this recommendation and if he does, he is encouraged to demonstrate good cause for his failure to abide by the March 9, 2012 memorandum order and to submit the documents, exhibits, and information therein requested.**